UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSEMARY QUINN, ALAN DUCORSKY, LUIS GUILIN, KAY ECKLER, BRIAN CALVERT, MARC GROUP, JOHN J. GROSS, CHRISTOPHER NELSON, and RANDY NUNEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO., WAL-MART STORES, INC., SUPERVALU, INC., and PERRIGO COMPANY OF SOUTH CAROLINA, INC., <br><br> Defendants. | Civil Action No. 7:12-CV-8187-VB |

## [~~PROPOSED~~] ORDER APPROVING PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

THIS CAUSE is before the Court on Plaintiffs' Uncontested Motion for Preliminary Approval of Class Action Settlement. Having reviewed the Motion; the Settlement Agreement; the Declarations of Todd S. Garber, Elaine A. Ryan, Stewart M. Weltman, Edwin J. Kilpela, Jr., Todd Carpenter and Jeanne C. Finegan; the record in this case; and for good cause shown:

IT IS HEREBY ORDERED AND ADJUDGED THAT:

### Preliminary Approval of Settlement Agreement

1. The Court finds for the purposes of preliminary approval that the proposed settlement, as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel and with the assistance of a highly experienced and

respected mediator. The Court therefore preliminarily approves the proposed Settlement.

**Class Certification**

2. The Court preliminarily certifies, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), a Settlement Class, solely for the purposes of effectuating the Settlement, defined as:

> All residents of the United States who purchased for personal use, and not resale or distribution, a Covered Product between November 1, 2005 and the present date.

The Covered Products include all products identified in Exhibit B of the Settlement Agreement. Excluded from the Settlement Class are the following Persons: (i) Defendants and their respective affiliates, employees, officers, directors, agents and representatives and their immediate family members; (ii) Settlement Class Counsel; and (iii) the judges who have presided over the Litigation and their immediate family members.

3. Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the named Plaintiffs are typical of the claims of the Class;

(d) the named Plaintiffs will fairly and adequately protect the interests of the Class;

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

(f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. The Court appoints Plaintiffs Rosemary Quinn, Alan Ducorsky, Luis Guilin, Kay

Eckler, Brian Calvert, Marc Group, John J. Gross, Christopher Nelson, and Randy Nunez as the Representatives of the Settlement Class.

5. The Court appoints Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), Bonnett, Fairbourn, Friedman & Balint, P.C. ("Bonnett Fairbourn"), Stewart Weltman LLC; Carlson Lynch, LTD; Carpenter Law Group; and Patterson Law Group, APC as Class Counsel, with Todd S. Garber and the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP; Elaine A. Ryan and the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C.; Stewart M. Weltman and the law firm of Stewart M. Weltman, LLC; and Edwin J. Kilpela, Jr. of the law firm of Carlson Lynch, LTD as representatives of the Class Counsel.

**Settlement Administration**

6. The Court appoints both Heffler Claims Group (which will implement the Class Notice plan proposed by the parties) and Garden City Group (which will maintain the Settlement Website, review and process plains and administer the Settlement in accordance with the Settlement Agreement) as Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

7. The Settlement Administrator shall establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Settlement Class Counsel, Defendants' Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

**Notice To Potential Class Members**

8. The Court approves the form and content of the proposed Claim Form (Exhibit A to the Settlement Agreement) (which shall be submitted online or submitted in hardcopy and

post-marked no later than sixty (60) days after the last Notice is published); Publication Notice (Exhibit 2 to the Declaration of Todd S. Garber); and Long Form Notice (Exhibit 3 to the Declaration of Todd S. Garber) (the "Notices"), and approves the Parties' proposal to distribute the Long Form Notice via the Internet, and the Publication Notice via publication, as set forth in the Settlement Agreement and the Declaration of Jeanne C. Finegan on behalf of Heffler Claims Group. The Court finds that the Notices fairly and adequately (i) describe the nature of the Action and the Class's claims, issues, and defenses involved therein; (ii) set forth the definition of the proposed Class; (iii) describe the terms and effect of the Settlement Agreement and of the Settlement; (iv) inform the Class of the binding effect of the proposed Settlement on members of the Class; (v) give notice to the Class of the time and place of the Fairness Hearing; and (vi) notify the members of the Class of their right to object, appear through an attorney and/or to request exclusion from the Class, including a description of the time and manner of requesting exclusion or objecting to any of the relief requested. The Court further finds that the Parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances, is reasonable and constitutes due and adequate and sufficient notice to all Persons entitled to receive Class Notice, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

9. The Heffler Claims Group will commence publishing the Notices no later than ten (10) days after the entry of this Order and shall complete the notice process within forty five (45) days thereafter.

10. At or before the Fairness Hearing, the Settlement Administrator will file with the Court and serve upon Class Counsel a proof of compliance confirming that the Notices have been provided in accordance with this Order.

11. The Court approves the creation of the Settlement Website in accordance with the terms of the Settlement Agreement.

**Exclusion from the Class**

12. Class members shall be bound by all determinations and judgments in this Action unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. To be excluded from the proposed settlement, Class members must mail a request for exclusion from the Class to the Settlement Administrator at the address in the Notices, post-marked no later than sixty (60) Days after the last Class Notice is published ("Opt-Out and Objection Date"). The request for exclusion must be personally signed by the Class member requesting exclusion. So-called "mass" or "class" opt outs shall not be permitted. The request must include the Class member's full name, statement that the Class member desires to be excluded from the Settlement Class and contain a statement that the Class member is otherwise a member of the Settlement Class and purchased one or more of the Covered Products. To be considered valid, a request for exclusion must set forth all of this information and must be timely received.

13. Any member of the Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., does not become an Opt-Out) will be bound by all proceedings, order and judgments in this Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release as set forth in the Settlement Agreement.

14. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defendants' Counsel no later than five (5) Days after the Opt-Out and Objection Date, and the parties shall file with the Court the Opt-Out List with an affidavit attesting to the completeness

and accuracy thereof no later than three (3) Days thereafter.

**Appearance and Objections at Fairness Hearing**

15. Any member of the Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement or to any term of the Settlement Agreement, must file an objection no later than the Opt-Out and Objection Date. To object, a Class member must file a written objection with the Court and serve such objection on Class Counsel and Defendants' Counsel at the addresses set forth in the Notices. To be considered a valid objection, the objection must include the following: (i) the objector's name, address and telephone number and, if represented by counsel, of his/her counsel; (ii) a signed declaration stating that the objector is a member of the Settlement Class and purchased one or more of the Covered Products; (iii) a statement of all grounds for the objections to the Settlement; and (iv) a statement of whether the Class member intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend. Any response to an objection shall be filed with the Court no later than three (3) Days prior to the Fairness Hearing. Any member of the Class who fails to file and serve timely a written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this paragraph shall not be permitted to object to the approval of the Settlement at the Fairness Hearing.

16. By no later than the Opt-Out and Objection Date, any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award who intends to make an appearance at the Fairness Hearing shall file with the Clerk of the Court a notice of intention to appear and provide a copy of said notice to the Settlement Administrator (who shall forward it to Settlement Class Counsel and Defendants' Counsel).

**Stay of Proceedings**

17.    All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this Court.

**Preliminary Injunction**

18.    In further aid of the Court's jurisdiction to implement and enforce the Settlement, the Named Plaintiffs and members of the Settlement Class and their counsel are preliminarily enjoined and barred (solely during the period from entry of this Order until the decision whether to grant a Final Order and Judgment after the Fairness Hearing) from (i) filing, commencing, prosecuting, intervening in or participating (as a plaintiff, claimant, class member, or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims as set forth in the Settlement Agreement (unless and until they have timely excluded themselves from the Settlement Class); (ii) filing, commencing, participating in or prosecuting (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims as set forth in the Settlement Agreement where the purported class would include any member of the Settlement Class; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims as set forth in the Settlement Agreement. Any Person who knowingly

violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Person (as defined in the Settlement Agreement) and Class Counsel as a result of the violation. This injunction does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

### Attorneys' Fee Award and Named Plaintiffs' Incentive Award

19.  Class Counsel shall file their applications for the Attorneys' Fee Award and Named Plaintiffs' Incentive Award in accordance with the terms set forth in the Settlement Agreement.

### Fairness Hearing

20.  Pursuant to the terms of the Settlement Agreement that a Fairness Hearing take place not less than eighty (80) Days after the entry of this Order (unless a longer period is required under 28 U.S.C. § 1715(b)), the Court will hold a Final Approval Hearing (also known as a "Fairness Hearing") at 2:00 a.m./p.m. on 12/12, 2014 in Courtroom 620, United States District Court for the Southern District of New York, 300 Quarropas St., White Plains, New York 10601 to consider the fairness, reasonableness and adequacy of the proposed Settlement, whether it should be finally approved by the Court, any petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, Incentive Awards to Named Plaintiffs, and any other related matters that are brought to the attention of the Court in a timely fashion.

21.  Any member of the Class that has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person

shall be accepted or considered by the Court, unless that person files an objection in accordance with the requirements above.

22. The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other than notice which may be posted on the Court's Electronic Case Filing (ECF) system or the website created pursuant to the Settlement Agreement.

23. If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties' rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated. In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this Action or any other action for any purpose whatsoever.

Dated: __8/1__, 2014

SO ORDERED

_____
Honorable Vincent L. Briccetti
United States District Court Judge