## AMENDMENT TO SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pursuant to Paragraph 45 of the Settlement Agreement, the Parties hereby amend the Settlement Agreement by replacing Paragraph 1(cc), Paragraph 1(dd), Paragraph 10, Paragraph 13, and Paragraph 14, with the following, respectively:

1. (cc) "Release" means the release and discharge, as of the Effective Date, by the Named Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors) who have not excluded themselves from the Settlement Class of the Released Persons and shall include the agreement and commitment by the Named Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been or could have been asserted at any time up through and including the Effective Date by the Named Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

1. (dd) "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities (including but not limited to tort claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, false advertising, restitution, rescission, unjust enrichment, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims), whether known or unknown, alleged or not alleged, foreseen or unforeseen, suspected or unsuspected, contingent or matured, liquidated or unliquidated, under federal, state or local law, whether by statute, contract, common law, or equity, which the Named Plaintiffs and/or any Settlement Class Member now has or had at any time up through and including the Effective Date with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences arising from or relating to the causes of action and allegations made in the Litigation as well as claims and allegations that the Released Persons made false and deceptive representations and warranties and/or omitted material information about the Covered Products (including, without limitation, causes of action for violation of the California Consumers Legal Remedies Act, the California Business & Professions Code, the Illinois Consumer Fraud Act, the Connecticut Unfair Trade Practices Act, the New York General Business Law, the Florida Deceptive and Unfair Trade Practices Act, the Pennsylvania Unfair Trade

Practices and Consumer Protection Law, the New Jersey Consumer Fraud Act, the Delaware Consumer Fraud Act and similar claims under the consumer protection and/or deceptive trade practices acts and common law of the other states and the District of Columbia as well as for negligence and breaches of express warranties)).   Expressly excluded from the Released Claims are any claims alleging personal physical injury arising from the use of the Covered Products.

10.     **Labeling Changes**. Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, Perrigo agrees that commencing nine (9) months after the Effective Date, and except as described herein, it will not make the following statements, or statements conveying the same message, on the labels of any of the Covered Products pertaining to the effect of the Covered Products on cartilage, using synonyms such as, but not limited to: fixing, mending, reconditioning, rehabilitating, increasing, developing, building, maintaining, strengthening, repairing, rebuilding, renewing, regrowing, adding, regenerating or rejuvenating cartilage.  This agreed prohibition does not extend to claims other than those regarding the effect of the Covered Products on cartilage and does not prevent Perrigo from making statements such as that the Covered Products support or promote joint comfort, mobility or health.

(a)     If in the future Perrigo should engage in advertising for the Covered Products (which it does not do now), this prohibition will apply to any advertising in any media (including web sites) by Perrigo regarding the Covered Products.

(b)     The labeling changes described in this Paragraph are part of a negotiated settlement and not an admission by Defendants regarding the claims in the Litigation or the propriety of any statements used or omitted on other versions of the packaging of the Covered Products.

(c)     Perrigo shall have nine (9) months from the Effective Date to begin shipping Covered Products with labels and/or packaging that conform to the terms of the Settlement.

(d)     Neither Perrigo nor any of the Retailers nor any Person in the chain of distribution of the Covered Products shall be required to recall, remove from shelves or pull from distribution or inventory any Covered Products that have been shipped by Perrigo prior to the date commencing nine (9) months after the Effective Date.

13.     **Relief From Labeling Changes.**   Subsequent to the Effective Date, if Perrigo becomes aware of additional evidence substantiating any of the above prohibited representations as set forth in Paragraph 10, Perrigo may seek relief from the Court to change the labels accordingly.

(a)     With regard to any requested label change described above, Perrigo shall give Plaintiffs and their counsel forty-five (45) days written notice of the proposed labeling change and the evidence that Perrigo claims supports the requested labeling change.   Plaintiffs and their counsel shall have the right to oppose the requested labeling change before the Court.

(b)     If Plaintiffs' counsel elect to oppose Perrigo's requested label change and prevail in whole or part, Perrigo shall pay such counsels' reasonable

lodestar and expenses. If Perrigo prevails and additionally the Court finds that Plaintiffs' counsel's opposition to the requested labeling change was without any reasonable basis, Plaintiffs' counsel shall reimburse Perrigo's reasonable attorneys' fees and expenses.

14.     **Additional Releases.** Except as to the rights and obligations provided for under this Agreement, Perrigo releases and forever discharges as of the Effective Date the Named Plaintiffs, Settlement Class, and Settlement Class Counsel from any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, whether known or unknown, alleged or not alleged, foreseen or unforeseen, suspected or unsuspected, contingent or matured, liquidated or unliquidated, under federal, state or local law, whether by statute, contract, common law, or equity, which Perrigo now has or had at any time up through and including the Effective Date against the Named Plaintiffs, Settlement Class Members, or Settlement Class Counsel with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences arising out of the Litigation and/or the Settlement.

Apart from the foregoing amendments to Paragraph 1(cc), Paragraph 1(dd), Paragraph 10, Paragraph 13, and Paragraph 14, there are no other changes to the Settlement

Agreement and all other provisions remain in force and effect.


FINKELSTEIN, BLANKINSHIP, FREI-
PEARSON & GARBER, LLP

Dated:                   By:_____

                                      Todd S. Garber
                                      1311 Mamaroneck Avenue
                                      White Plains, New York 10605
                                      tgarber@fbfglaw.com
                                      Telephone:  (914) 298-3281

BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.

Dated:                   By:_____

                                      Elaine A. Ryan
                                      2325 E. Camelback Road, #300
                                      Phoenix, AZ 5016
                                      eryan@bffb.com
                                      Telephone:  (602) 274-1100


BOODELL & DOMANSKIS, LLC

Dated:                   By:_____

                                      Stewart M. Weltman
                                      353 N. Clark Street, Suite 1800
                                      Chicago, IL 60654
                                      SWeltman@boodlaw.com
                                      Telephone:  (312) 938-1670


CARLSON LYNCH, LTD

By: _____

Dated:                                    Edwin J. Kilpela, Jr.
                                      R. Bruce Carlson
                                      PNC Park
                                      115 Federal Street, Suite 210
                                      Pittsburgh, PA 15212
                                      ekilpela@carlsonlynch.com
                                      bcarlson@carlsonlynch.com

Telephone: (412) 322-9243


CARPENTER LAW GROUP

Dated:

By:   _____

402 West Broadway, 29th Floor
San Diego, CA 92101
todd@carpenterlawyers.com
Telephone: (619) 756-6994


PATTERSON LAW GROUP, APC

Dated:

By: _____

402 West Broadway, 29th Floor
San Diego, CA 92101
jim@pattersonlawgroup.com
Telephone: (619) 756-6990

*Settlement Class Counsel*

DRINKER BIDDLE & REATH LLP

Dated:                                    By:


_____

Bradley J. Andreozzi
Justin O. Kay
191 N. Wacker Dr.
Chicago, IL 60606
bradley.andreozzi@dbr.com
justin.kay@dbr.com
Telephone:  (312) 569-1000

*Defendants' Counsel*

Agreement and all other provisions remain in force and effect.

FINKELSTEIN, BLANKINSHIP, FREI-
PEARSON & GARBER, LLP

Dated: 3/5/15

By: _____

Todd S. Garber
1311 Mamaroneck Avenue
White Plains, New York 10605
tgarber@fbfglaw.com
Telephone:  (914) 298-3281

BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.

Dated:

By: _____

Elaine A. Ryan
2325 E. Camelback Road, #300
Phoenix, AZ 5016
eryan@bffb.com
Telephone:  (602) 274-1100

BOODELL & DOMANSKIS, LLC

Dated: 3/5/15

By: _____

Stewart M. Weltman
353 N. Clark Street, Suite 1800
Chicago, IL 60654
SWeltman@boodlaw.com
Telephone:  (312) 938-1670

CARLSON LYNCH, LTD

By: _____

Edwin J. Kilpela, Jr.
R. Bruce Carlson
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA 15212
ekilpela@carlsonlynch.com
bcarlson@carlsonlynch.com

Dated:

Agreement and all other provisions remain in force and effect.

FINKELSTEIN, BLANKINSHIP, FREI-
PEARSON & GARBER, LLP

Dated: _____

By: _____

    Todd S. Garber
    1311 Mamaroneck Avenue
    White Plains, New York 10605
    tgarber@fbfglaw.com
    Telephone: (914) 298-3281

BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.

Dated: 3|5|15

By: _____

    Elaine A. Ryan
    2325 E. Camelback Road, #300
    Phoenix, AZ 5016
    eryan@bffb.com
    Telephone: (602) 274-1100

BOODELL & DOMANSKIS, LLC

Dated: _____

By: _____

    Stewart M. Weltman
    353 N. Clark Street, Suite 1800
    Chicago, IL 60654
    SWeltman@boodlaw.com
    Telephone: (312) 938-1670

CARLSON LYNCH, LTD

By: _____

Dated: _____

    Edwin J. Kilpela, Jr.
    R. Bruce Carlson
    PNC Park
    115 Federal Street, Suite 210
    Pittsburgh, PA 15212
    ekilpela@carlsonlynch.com
    bcarlson@carlsonlynch.com

Agreement and all other provisions remain in force and effect.

FINKELSTEIN, BLANKINSHIP, FREI-
PEARSON & GARBER, LLP

Dated:                         By:_____

Todd S. Garber
1311 Mamaroneck Avenue
White Plains, New York 10605
tgarber@fbfglaw.com
Telephone:  (914) 298-3281

BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.

Dated:                         By:_____

Elaine A. Ryan
2325 E. Camelback Road, #300
Phoenix, AZ 5016
eryan@bffb.com
Telephone:  (602) 274-1100

BOODELL & DOMANSKIS, LLC

Dated:                         By:_____

Stewart M. Weltman
353 N. Clark Street, Suite 1800
Chicago, IL 60654
SWeltman@boodlaw.com
Telephone:  (312) 938-1670

CARLSON LYNCH SWEET & KILPELA, LLP

By:_____

Dated:                         Edwin J. Kilpela, Jr.
R. Bruce Carlson
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA 15212
ekilpela@carlsonlynch.com
bcarlson@carlsonlynch.com

Telephone: (412) 322-9243

Dated: 3-16-15

CARPENTER LAW GROUP

By: _____

    402 West Broadway, 29th Floor
San Diego, CA 92101
todd@carpenterlawyers.com
Telephone: (619) 756-6994

Dated: 3.16.15

PATTERSON LAW GROUP, APC

By: _____

    402 West Broadway, 29th Floor
San Diego, CA 92101
jim@pattersonlawgroup.com
Telephone: (619) 756-6990

*Settlement Class Counsel*

DRINKER BIDDLE & REATH LLP

Dated: March 5, 2015

By: _____

    Bradley J. Andreozzi
Justin O. Kay
191 N. Wacker Dr.
Chicago, IL 60606
bradley.andreozzi@dbr.com
justin.kay@dbr.com
Telephone:  (312) 569-1000

*Defendants' Counsel*

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release is entered into between Rosemary Quinn, Alan Ducorsky, Luis Guilin, Kay Eckler, Brian Calvert, Marc Group, John Gross, Christopher Nelson, and Randy Nunez (collectively, "Named Plaintiffs") and Perrigo Company of South Carolina, Inc. ("Perrigo").  Capitalized terms shall have the meaning ascribed to them in Paragraph 1 of this Settlement Agreement.

## RECITALS

A.      Perrigo, along with certain affiliated entities, manufactures joint health dietary supplements containing glucosamine and/or chondroitin (the "Covered Products," as more fully defined in Paragraph 1(g) below), which are sold under the various brand names of Retailers not affiliated with Perrigo.

B.      On November 1, 2011, a putative class action complaint purporting to assert claims regarding the Covered Products was filed against one such Retailer, Walgreen Co., in the United States District Court for the Northern District of Illinois, namely, *Guilin v. Walgreen Co.*, No. 11-cv-7763 (N.D. Ill.) (Zagel, J.) ("*Guilin*").

C.      On March 26, 2012, another such putative class action complaint relating to the Covered Products was filed against another such Retailer, Wal-Mart Stores, Inc., in the United States District Court for the Southern District of California, namely, *Eckler v. Wal-Mart Stores, Inc.*, No. 12-cv-727 (S.D. Cal.) (Burns, J.) ("*Eckler*").

D.      On November 9, 2012, another such putative class action complaint relating to the Covered Products was filed against Walgreen Co. in the United States District Court for the Southern District of New York, namely, *Quinn v. Walgreen Co.*, No. 12-cv-8187 (S.D.N.Y.) (Briccetti, J.) ("*Quinn*").

E.      On March 15, 2013, another such putative class action complaint relating to the

- 1 -

Covered Products was filed against Supervalu, Inc. in the United States District Court for the Southern District of California, namely, *Nunez v. Supervalu, Inc.*, No. 13cv626 (S.D. Cal. filed March 15, 2013) (Hayes, J.) ("*Nunez*").

F. On August 12, 2013, another such putative class action complaint relating to the Covered Products was filed against Walgreen Co. in the United States District Court for the Western District of Pennsylvania, namely, *Calvert v. Walgreen Co.*, No. 13cv1161 (W.D. Pa.) (Schwab, J.) ("*Calvert*").

G. On October 28, 2013, another such putative class action complaint relating to the Covered Products was filed against Walgreen Co. in the United States District Court for the Southern District of Florida, namely, *Group v. Walgreen Co.*, 13cv81105 (S.D. Fla.) (Ryskamp, J.) ("*Group*").

H. On November 1, 2013, another such putative class action complaint relating to the Covered Products was filed against Walgreen Co. in the United States District Court for the District of New Jersey, namely, *Gross v. Walgreen Co.*, No. 13cv6630 (D.N.J.) (Irenas, J.) ("*Gross*").

I. On November 1, 2013, another such putative class action complaint relating to the Covered Products was filed against Walgreen Co. in the United States District Court for the District of Delaware, namely, *Nelson v. Walgreen Co.*, 13cv1871 (D. Del.) (Sleet, J.) ("*Nelson*").

J. The lawsuits referenced in Paragraphs B-I are referred to collectively as "the Litigation."

K. In the Litigation, the plaintiffs allege, *inter alia*, that certain statements made on the labeling and packaging of the Covered Products are false, deceptive and/or misleading.  Based upon these and other allegations, the plaintiffs assert violations of consumer protection laws and breaches of warranty under various state laws.

L.     Although the Covered Products are not sold under Perrigo's name, but rather under the store brands of the Retailers, Perrigo has assumed the defense of the Litigation on behalf of the Retailers pursuant to certain contractual indemnification provisions.

M.     The Defendants deny the allegations in the Litigation and assert defenses and affirmative defenses.  The Defendants specifically deny that they have engaged in any wrongdoing whatsoever or that they have any liability in connection with the claims asserted or that could have been asserted in the Litigation.

N.     The Named Plaintiffs and Settlement Class Counsel and the Defendants and Defendants' Counsel have conducted an extensive examination of the facts relating to the Litigation.

O.     This Settlement was reached after more than six months of protracted, arms-length negotiations, including multiple full-day mediations before two neutral mediators (Honorable Howard B. Wiener, Justice of the California Court of Appeals (retired) and Honorable Wayne R. Anderson, United States District Judge for the Northern District of Illinois (retired)) and numerous additional telephone conferences with the mediators and negotiating sessions between Settlement Class Counsel and Defendants' Counsel.

P.     The Litigation, if it were to continue, would likely result in expensive and protracted litigation, appeals and continued uncertainty as to outcome.

Q.     The Named Plaintiffs and Settlement Class Counsel have concluded that this Settlement provides substantial benefits to the Settlement Class and the consuming public and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.

R.     The Named Plaintiffs and Settlement Class Counsel have concluded that this

Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

S.       The Defendants continue to deny each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further continue to deny that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial. Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of the Named Plaintiffs' claims or similar claims for class treatment, the Defendants consent to the Settlement of the Settled Actions solely to avoid the expense, inconvenience and inherent risk of litigation as well as the concomitant disruption of their business operations.

T.       Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by the Defendants of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

U.       This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by the Defendants.

V.       **NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Parties hereby agree as follows:

**DEFINITIONS**

1.       As used herein, the following terms (the plural of any of which includes the singular, and vice versa, as made necessary in context) have the meanings set forth below:

(a)       "Attorneys' Fee Award" means the Court-approved award to Settlement Class Counsel as defined in Paragraph 22.

- 4 -

(b) "Cash Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Paragraph 9.

(c) "Claim Deadline" means sixty (60) Days after the last Class Notice is published or, if such date is not acceptable to the Court, the date set by the Court for Settlement Class members to submit claims, which date will be specified in the Class Notice.

(d) "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline in order to be eligible for the benefits described herein, which document shall be substantially in the form of Exhibit A hereto. The Claim Form requires a sworn signature (electronic or written) under penalty of perjury, but does not require a notarization. Additional requirements relating to the completion of Claim Forms are set forth in Paragraphs 17-18. Claim Forms will be processed after the Effective Date.

(e) "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

(f) "Court" means the United States District Court for the Southern District of New York.

(g) "Covered Products" means the joint health dietary supplements manufactured by Perrigo as identified in Exhibit B – List of Covered Products.

(h) "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included. Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of

New York legal holiday, in which event the period runs until the end of the next day which is not

a Saturday, Sunday or Federal or State of New York legal holiday.

(i)       "Effective Date" means the date defined in Paragraph 27.

(j)       "Fairness Hearing" means the hearing at which the Court orders final

approval of the Settlement.

(k)       "Final" means final as defined in Paragraph 27(e).

(l)       "Final Order and Judgment" means the order defined in Paragraph 26. Any

reduction in the Attorneys' Fee Award or Incentive Award shall not be considered a material

alteration.

(m)      "Incentive Award" means the Court-approved award as defined in

Paragraph 23.

(n)       "Litigation" means the actions captioned *Guilin v. Walgreen Co.*, No. 11-

cv-7763 (N.D. Ill.) (Zagel, J.), *Eckler v. Wal-Mart Stores, Inc.*, No. 12-cv-727 (S.D. Cal.) (Burns,

J.); *Quinn v. Walgreen Co.*, No. 12-cv-8187 (S.D.N.Y.) (Briccetti, J.); *Nunez v. Supervalu, Inc.*,

No. 13cv626 (S.D. Cal.) (Hayes, J.); *Calvert v. Walgreen Co.*, No. 13cv1161 (W.D. Pa.) (Schwab,

J.); *Group v. Walgreen Co.*, 13cv81105 (S.D. Fla.) (Ryskamp, J.), *Gross v. Walgreen Co.*, No.

13cv6630 (D.N.J.) (Irenas, J.); and *Nelson v. Walgreen Co.*, 13cv1871 (D. Del.) (Sleet, J.).

(o)       "Named Plaintiffs" means Ms. Rosemary Quinn, Mr. Alan Ducorsky, Mr.

Luis Guilin, Ms. Kay Eckler, Mr. Brian Calvert, Mr. Marc Group, Mr. John J. Gross, Mr.

Christopher Nelson, and Mr. Randy Nunez, each of whom individually is a "Named Plaintiff."

(p)       "Net Settlement Fund" means the Settlement Fund <u>less</u> any Notice and

Administration Costs, Attorneys' Fee Award, and Incentive Award.

(q)       "Notice And Administration Costs" means any and all reasonable and

- 6 -

authorized costs and expenses of notice and administration relating to this Settlement, including the fees and costs of an expert to opine on the Settlement Class Notice Program.

(r)     "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice, and shall be no later than ten (10) Days after the Preliminary Approval Date.

(s)     "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Paragraph 21. An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits of the Settlement by the Claim Deadline.

(t)     "Opt-Out List" shall refer to the list compiled by the Settlement Administrator pursuant to Paragraph 21(c), identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

(u)     "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement. The Opt-Out and Objection Date shall be no later than sixty (60) Days after the last Class Notice is published.

(v)     "Parties" means Named Plaintiffs and Settlement Class Members together with Perrigo.  Named Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with Perrigo as the other "Party."

(w)     "Perrigo" means Perrigo Company of South Carolina, Inc. and its parents, subsidiaries, affiliates, predecessors, successors and assigns.

(x)     "Person" means an individual, corporation, partnership, limited partnership,

limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity, and such individual's or entity's heirs, predecessors, successors, representatives and assignees.

(y)     "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

(z)     "Preliminary Approval Hearing" means the hearing at which the Court considers the Motion for Preliminary Approval.

(aa)    "Preliminary Approval Order" means the order defined in Paragraph 25 and attached hereto without material alteration as Exhibit C.

(bb)    "Proof of Purchase" means a cash register receipt reflecting the purchase of a Covered Product manufactured by Perrigo and/or its affiliates.

(cc)    "Release" means the release and discharge, as of the Effective Date, by the Named Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors) who have not excluded themselves from the Settlement Class of the Released Persons and shall include the agreement and commitment by the Named Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by the Named Plaintiffs or any Settlement Class Members against the Released

Persons, or any of them, in the Litigation or in any other court action or before any administrative

body (including any regulatory entity or organization), tribunal, arbitration panel or other

adjudicating body arising out of or related to the Released Claims.

      (dd)    "Released Claims" means any and all claims, actions, causes of action,

rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities (including but not

limited to tort claims, negligence claims, claims for breach of contract, breach of the duty of good

faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations,

fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or

trade practices, false advertising, restitution, rescission, unjust enrichment, compensatory and

punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and

any other claims), whether known or unknown, alleged or not alleged, foreseen or unforeseen,

suspected or unsuspected, contingent or matured, liquidated or unliquidated, under federal, state

or local law, whether by statute, contract, common law, or equity, which the Named Plaintiffs

and/or any Settlement Class Member had, now has or may in the future have with respect to any

conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences

arising from or relating to the causes of action and allegations made in the Litigation as well as

claims and allegations that the Released Persons made false and deceptive representations and

warranties and/or omitted material information about the Covered Products (including, without

limitation, causes of action for violation of the California Consumers Legal Remedies Act, the

California Business & Professions Code, the Illinois Consumer Fraud Act, the Connecticut Unfair

Trade Practices Act, the New York General Business Law, the Florida Deceptive and Unfair Trade

Practices Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the New

Jersey Consumer Fraud Act, the Delaware Consumer Fraud Act and similar claims under the

consumer protection and/or deceptive trade practices acts and common law of the other states and the District of Columbia as well as for negligence and breaches of express warranties)).  Expressly excluded from the Released Claims are any claims alleging personal physical injury arising from the use of the Covered Products.

       (ee)    "Released Persons" means: (i) Perrigo; (ii) the Defendants; (iii) any past, present, and future Person in the chain of distribution of the Covered Products, including but not limited to (a) raw material suppliers, (b) distributors, and (c) Retailers; (iv) any Person that manufactured or sold the Covered Products from which Perrigo or its affiliates acquired assets or contracts; (v) the past, present, and future affiliates of any of the foregoing Persons  described in (i) – (iv) of this Paragraph; (vi) each of the respective past, present, and future direct and indirect predecessors, successors, heirs, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, or groups, of any of the foregoing Persons described in (i) – (v) of this Paragraph; and (vii) each of the respective past, present, and future directors, officers, shareholders, members, employees, consultants, advisors, insurers, attorneys, executors, partners, agents, personal representatives, spouses and immediate families, of any of the foregoing Persons described in (i) – (vii) of this Paragraph.

       (ff)    "Releasing Persons" means (i) the Named Plaintiffs, on behalf of themselves and all Settlement Class Members, (ii) all Settlement Class Members, and (iii) the respective past, present, and future administrators, agents, assigns, attorneys, executors, heirs, partners, personal representatives, spouses, insurers, immediate families, predecessors-in-interest and successors of each of the Named Plaintiffs and Settlement Class Members.

       (gg)    "Retailers" means Persons and their past, present, and future affiliates that

sell, have sold, or will sell the Covered Products manufactured by Perrigo and/or its affiliates, including but not limited to: Supervalu, Inc., Wal-Mart Stores Inc.; and Walgreen Co.

(hh)    "Settled Actions" means the actions captioned *Guilin v. Walgreen Co*., No. 11-cv-7763 (N.D. Ill.) (Zagel, J.), *Eckler v. Wal-Mart Stores, Inc*., No. 12-cv-727 (S.D. Cal.) (Burns, J.); *Quinn v. Walgreen Co.*, No. 12-cv-8187 (S.D.N.Y.) (Briccetti, J.); *Nunez v. Supervalu, Inc.*, No. 13cv626 (S.D. Cal.) (Hayes, J.); *Calvert v. Walgreen Co*., No. 13cv1161 (W.D. Pa.) (Schwab, J.); *Group v. Walgreen Co*., 13cv81105 (S.D. Fla.) (Ryskamp, J.), *Gross v. Walgreen Co.,* No. 13cv6630 (D.N.J.) (Irenas, J.); and *Nelson v. Walgreen Co*., 13cv1871 (D. Del.) (Sleet, J.).

(ii)    "Settlement" means the settlement set forth in this Settlement Agreement.

(jj)    "Settlement Administrator" means both Heffler Claims Group, which will administer the Class Notice, and Garden City Group, which will maintain the Settlement Website, review and process claims and administer the Settlement in accordance with this Settlement Agreement and engage in any other tasks directed by the Court, Settlement Class Counsel or Defendants' Counsel.

(kk)    "Settlement Agreement" means this Settlement Agreement and General Release, including all exhibits hereto.

(ll)    "Settlement Class" means all Persons who fall within the definition of the class identified in Paragraph 4.

(mm)    "Settlement Class Counsel" means Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP; Elaine A. Ryan of Bonnett, Fairbourn, Friedman & Balint, P.C.; Stewart M. Weltman of Stewart M. Weltman, LLC; R. Bruce Carlson and Edwin J. Kilpela, Jr. of Carlson Lynch, LTD; Todd Carpenter of Carpenter Law Group; and James Patterson

of Patterson Law Group, APC.

(nn)    "Settlement Class Members" means all Persons in the Settlement Class who do not validly exclude themselves (i.e., become Opt-Outs) pursuant to Paragraph 21.

(oo)    "Settlement Class Notice Program" means the notice program as described in the Motion for Preliminary Approval.

(pp)    "Settlement Fund" means the amount of two million eight hundred thousand dollars ($2,800,000).   Apart from funding the Settlement Fund (the payment of which is the obligation of Perrigo alone), neither Perrigo, the Defendants, nor the Released Parties shall have any monetary responsibility under the Settlement Agreement.  The Settlement Fund will be used to pay any Cash Award, Notice and Administration Costs, Attorneys' Fee Award, and Incentive Award.

(qq)    "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

(rr)    "Defendants" means Perrigo (solely for purposes of this Settlement), Wal-Mart Stores Inc., Walgreen Co, and Supervalu, Inc.

(ss)    "Defendants' Counsel" means Drinker Biddle & Reath LLP.

(tt)    "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Paragraph 18.

## FILING OF AMENDED COMPLAINT FOR SETTLEMENT PURPOSES ONLY

2.    **Amended Class Action Complaint**.  Solely for the purposes of implementing this Settlement Agreement and effectuating the Settlement, Named Plaintiffs will file an Amended Class Action Complaint in *Quinn* on behalf of the Settlement Class naming Perrigo as a defendant along with Wal-Mart Stores Inc., Walgreen Co., and Supervalu, Inc.  The filing of this Amended

Class Action Complaint is purely for settlement purposes.  The Parties agree that Perrigo does not concede that it would be subject to suit in *Quinn* or that Named Plaintiffs or the Settlement Class would have standing to sue Perrigo absent Perrigo's consent, which is provided for settlement purposes only.  If the Settlement is terminated for any reason, the Parties agree that the Amended Class Action Complaint will be withdrawn and that the separate complaints in the Settled Actions will again be the operative complaints in those cases.

**STAY OF LITIGATION**

3.      **Stay**.  Upon execution of this Settlement Agreement, the Parties shall immediately and jointly move for a stay or administrative closure of all proceedings in *Guilin, Eckler, Calvert, Group*, *Gross*, *Nelson*, and *Nunez* pending approval of the Settlement, unless such a stay or administrative closure is already in place, and a stay of all proceedings in *Quinn* other than proceedings to consider approval of the Settlement.  The stays or administrative closures in *Guilin, Eckler, Calvert*, *Group*, *Gross*, *Nelson*, and *Nunez* shall, whether through entry of a new order or modification of a current order, specifically exclude from their scope those actions necessary to effectuate the filing of the Amended Class Action Complaint contemplated by Paragraph 2.

**PROPOSED CLASS FOR SETTLEMENT PURPOSES**

4.      **Settlement Class Definition**.  Solely for the purposes of implementing this Settlement Agreement and effectuating the Settlement, Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification of the following Settlement Class:

> All residents of the United States who purchased for personal use, and not resale or distribution, a Covered Product between November 1, 2005 and the Preliminary Approval Date.

> Specifically excluded from the Settlement Class are the following Persons: (i) Defendants and their respective affiliates, employees, officers, directors, agents, and representatives and their immediate family members; (ii) Settlement Class Counsel; and (iii) the judges who have presided over the Litigation and their immediate family members.

5.      **Settlement Class Counsel**.  Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entering of an order preliminarily certifying the Settlement Class, appointing the Named Plaintiffs as representatives of the Settlement Class and appointing the following four counsel as representatives of the Settlement Class Counsel for the Settlement Class:

Todd S. Garber
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**
1311 Mamaroneck Avenue
White Plains, New York 10605
tgarber@fbfglaw.com
Telephone:  (914) 298-3281

Elaine A. Ryan
**Bonnett, Fairbourn, Friedman & Balint, P.C.**
2325 E. Camelback Road, #300
Phoenix, AZ 5016
eryan@bffb.com
Telephone:  (602) 274-1100

Stewart M. Weltman
**Stewart M. Weltman, LLC**
53 W. Jackson Blvd., Suite 364
Chicago, IL 60604
sweltman@weltmanlawfirm.com
Telephone:  (602) 274-1100
(Of Counsel Levin Fishbein Sedran & Berman)

Edwin J. Kilpela, Jr.
**Carlson Lynch LTD**
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA 15212
ekilpela@carlsonlynch.com

6.      **Settlement Administrator**.  Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order appointing Heffler Claims Group and Garden City Group, jointly, as the Settlement Administrator.

7.      **Adequacy**.  Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily

finding that the Named Plaintiffs and Settlement Class Counsel are adequate representatives of the Settlement Class.

8.    **Settlement Purposes Only**.  Defendants do not agree to the certification of any class or to the appointment or adequacy of the Named Plaintiffs or Settlement Class Counsel for any purpose other than to implement the Settlement Agreement and effectuate the Settlement.

## BENEFITS TO THE CLASS

9.    **Payment Of Claims**. Settlement Class Members who submit Valid Claims shall look solely to the Net Settlement Fund for payment of such claims, and shall be entitled to receive Cash Awards from the Net Settlement Fund as follows, to be funded by Perrigo and the obligation of Perrigo alone (rather than the Retailers):

(a)    Settlement Class Members who submit Valid Claims accompanied by Proof of Purchase shall receive the receipt price of each bottle of Covered Product, with no cap or limit on the number of such claims a Settlement Class Member may make.

(b)    Settlement Class Members who submit Valid Claims without Proof of Purchase shall receive $12.00 per bottle of Covered Product, up to a maximum of eight (8) bottles per household.

(c)    Settlement Class Members may submit Valid Claims accompanied by Proof of Purchase for any number of Covered Products and without Proof of Purchase for other Covered Products up to a maximum of eight (8) bottles per household.

(d)    If the payments calculated under Paragraphs 9(a) and 9(b) exceed the monies available in the Net Settlement Fund, payments to all Settlement Class Members who submitted a Valid Claim will be reduced pro rata.

(e)    If there are leftover monies available in the Net Settlement Fund subsequent to calculating the payments to be made pursuant to Paragraphs 9(a), 9(b), and 9(c), payment shall

be tripled for each Valid Claim submitted with Proof of Purchase. If the tripling of the payments calculated pursuant to Paragraph 9(e) exceeds the monies available in the Net Settlement Fund, the payments after tripling for all Valid Claims submitted with Proof of Purchase will be reduced pro rata.

(f)     If there are leftover monies available in the Net Settlement Fund subsequent to calculating the payments to be made pursuant to Paragraph 9(e), payment shall be doubled for each Valid Claim submitted without Proof of Purchase. If the doubling of the payments calculated pursuant to Paragraph 9(f) exceeds the monies available in the Net Settlement Fund, the payments after doubling for all Valid Claims submitted without Proof of Purchase will be reduced pro rata.

(g)     If there are leftover monies available in the Net Settlement Fund subsequent to calculating the payments to be made pursuant to Paragraph 9(f), the remaining funds will be distributed pro rata to all Settlement Class Members who submitted a Valid Claim.

(h)     Except as otherwise provided herein, all payments to Settlement Class Members who submit Valid Claims will be made within thirty (30) Days after the Effective Date.

(i)     The details, requirements, terms and limits of the claims process are further defined in Paragraphs 17-18.

10.     **Labeling Changes**. Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, Perrigo agrees that for a period of twenty four (24) months commencing nine (9) months after the Effective Date, Perrigo will (i) include the language "individual results may vary" on the labels of the Covered Products and/or any other Perrigo-manufactured glucosamine and/or chondroitin products offered for resale, and (ii) will remove references to "rebuilding," "renewing" "regrowing," "growing," "adding" or "regenerating" cartilage on the labels of the Covered Products and any other Perrigo-manufactured glucosamine

and/or chondroitin products offered for resale.

(a)     The labeling changes described in this Paragraph are not an admission by Defendants regarding the claims in the Litigation or the propriety of statements used or omitted on other versions of the packaging of the Covered Products.

(b)     Perrigo shall have nine (9) months from the Effective Date to begin shipping Covered Products with labels and/or packaging that conform to the terms of the Settlement.

(c)     Neither Perrigo nor any of the Retailers nor any Person in the chain of distribution of the Covered Products shall be required to recall, remove from shelves or pull from distribution or inventory any Covered Products that have been shipped by Perrigo prior to the date commencing nine (9) months after the Effective Date.

(d)     If, after the date of Final Approval, Perrigo becomes aware of additional evidence substantiating that the Covered Products rebuild, renew, regrow, grow, add to or regenerate cartilage, Perrigo may seek the agreement of Settlement Class Counsel to modify Paragraph 10 of the Settlement Agreement. If the Parties are not able to agree, Perrigo may seek relief from the Court.

## **RELEASE OF CLAIMS**

11.     **Release Provisions**. As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(a)     Subject to Court approval, all Settlement Class Members who have not validly excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of this Settlement.

(b)     Without in any way limiting the scope of the Release, this Release covers

any and all claims for attorneys' fees, costs or disbursements incurred by Settlement Class Counsel or any other counsel representing the Named Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Incentive Award to the Named Plaintiffs and the Attorneys' Fee Award to Settlement Class Counsel.

(c)     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

12.     **Release of Unknown Claims**.  The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases.  In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released

herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

13.  **Continuation of Labeling Changes.**  Perrigo may elect, in its sole discretion, to continue the label changes identified in Paragraph 10 beyond the twenty-four (24) month required period.  For as long as Perrigo continues to comply with the terms of Paragraph 10 beyond the twenty-four (24) month required period, no Releasing Party may sue any Released Party based on any claim that was or could have been asserted in the Litigation.

14.  **Additional Releases**.  Except as to the rights and obligations provided for under this Agreement, Perrigo releases and forever discharges as of the Effective Date the Named Plaintiffs, Settlement Class, and Settlement Class Counsel from any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, whether known or unknown, alleged or not alleged, foreseen or unforeseen, suspected or unsuspected, contingent or matured, liquidated or unliquidated, under federal, state or local law, whether by statute, contract, common law, or equity, which Perrigo had, now has or may in the future have against the Named Plaintiffs, Settlement Class Members, or Settlement Class Counsel with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences arising out of the Litigation and/or the Settlement.

## SETTLEMENT ADMINISTRATION

15.  **Settlement Administrator**.  The Settlement Administrator will work under the direction of Settlement Class Counsel and Defendants' Counsel, subject to the directions of the Court, in implementing the Settlement Class Notice Program and advising each member of the Settlement Class of his/her right to submit a Claim Form, object to the Settlement, or opt-out of the Settlement.

16.  **Payment of Notice and Administration Costs**.  After entry of the Preliminary

Approval Order, Perrigo shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due. Perrigo shall pay Notice and Administration costs of up to $800,000.  Such payments to the Settlement Administrator shall be paid from the Settlement Fund.  If Notice and Administration Costs exceed $800,000, Perrigo may, in its sole discretion, elect to withdraw from the Settlement Agreement pursuant to Paragraph 32.

17.     **Submission Of Claims**. The Class Notice shall provide information regarding the filing of Claim Forms.  Claim Forms shall be available from the Settlement Administrator and on the Settlement Website. To file a Valid Claim, Settlement Class Members must: (i) complete a Claim Form, providing all of the information and documentation required by the Settlement Agreement and the Claim Form; (ii) sign the Claim Form and state under penalty of perjury that the Settlement Class Member purchased Covered Products and the number of Covered Products purchased; (iii) indicate whether he or she is enclosing Proof of Purchase with his or her Claim Form and, if so, provide the same with the completed Claim Form; and (iv) return the completed and signed Claim Form and Proof of Purchase, if any, to the Settlement Administrator no later than sixty (60) Days after the last Class Notice is published, *i.e.*, the Claim Deadline.  Class members may submit their claims on-line via the Settlement Website.  Only Settlement Class Members who submit Valid Claims shall be entitled to a Cash Award.

18.     **Determination Of Validity**. The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(a)     Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked or submitted

electronically later than the Claim Deadline, shall be rejected.

(b)     Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to Defendants' Counsel and Settlement Class Counsel. If Settlement Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of Defendants' Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim. Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim. The Settlement Administrator, after considering the positions of the Parties, will make the final decision in its sole discretion.

19.     **Fraudulent Filings**. At any time during the claims process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Settlement Class Counsel and Defendants' Counsel of that fact and the basis for its suspicion. Settlement Class Counsel and Defendants' Counsel shall endeavor to reach an agreed appropriate solution to any suspected fraud and, if necessary, Defendants' Counsel may suspend the claims process, and the Parties will promptly seek assistance from the Court.

## OBJECTIONS AND OPT-OUT RIGHTS

20.     **Objections**.  Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.

(a)     In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Settlement Class Counsel and Defendants' Counsel: (i) the name, address and telephone number of the Person objecting and, if represented by counsel, of his/her counsel; (ii) a signed declaration stating that he or she is a member of the Settlement Class and purchased one or more of the Covered Products; (iii) a statement of all objections to the Settlement; and (iv) a statement of whether he or she intends to appear at the

Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.

(b)    Any Settlement Class Member who fails to file and serve timely a written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice, shall not be permitted to object to the approval of the Settlement at the Fairness Hearing.

21.    **Opt-Outs**.   A member of the Settlement Class who wishes to opt-out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class and purchased one or more of the Covered Products. A member of the Settlement Class may opt-out on an individual basis only; so-called "mass" or "class" opt-outs shall not be allowed.

(a)    Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

(b)    Any member of the Settlement Class who properly opts out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in the Settled Actions relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object

to any aspect of the Settlement.

(c)     The Settlement Administrator shall provide Settlement Class Counsel and Defendants' Counsel with the Opt-Out List within five (5) Days after the Opt-Out and Objection Date.

## ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

22.     **Attorneys' Fee Award**.  On or before seven (7) calendar days prior to the Opt-Out and Objection Date, the law firms of Finkelstein, Blankinship, Frei-Pearson & Barber, LLP; Bonnett, Fairbourn, Friedman & Balint, P.C.; Stewart M. Weltman, LLC; Carlson Lynch, LTD; Carpenter Law Group; and Patterson Law Group, APC will apply to the Court for an aggregate award of attorneys' fees and actual expenses (including their court costs) in an amount not to exceed one third of the Settlement Fund.  Defendants will not oppose application(s) for an Attorneys' Fee Award of up to an aggregate amount of one third of the Settlement Fund. Settlement Class Counsel agree that upon payment by Perrigo of the Attorneys' Fee Award as directed by the Court (which unless directed otherwise by the Court, shall be paid by Perrigo within fourteen (14) Days after the Effective Date), Perrigo's obligations to Settlement Class Counsel shall be fully satisfied and discharged, and Settlement Class Counsel shall have no further or other claim against Defendants, including but not limited to a claim for enforcement of any attorneys' lien.

23.     **Incentive Awards**. The Named Plaintiffs will apply collectively for Incentive Awards not to exceed $5,000 per Named Plaintiff.  Defendants agree not to object to the Named Plaintiffs' application for such Incentive Awards and Perrigo agrees to pay from the Settlement Fund any Incentive Award (not to exceed $5,000 to each Named Plaintiff) that is awarded by the Court (which unless directed otherwise by the Court, shall be paid by Perrigo within fourteen (14) Days after the Effective Date).

24.     **No Effect On Finality**.  Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Award, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment approving the Settlement Agreement and the Settlement.

## SETTLEMENT APPROVAL PROCESS

25.     After execution of this Settlement Agreement, the Parties shall promptly move the Court to enter the Preliminary Approval Order that is without material alteration from Exhibit C hereto, which:

(a)     Preliminarily approves this Settlement Agreement;

(b)     Preliminarily certifies the Settlement Class solely for purposes of effectuating the Settlement;

(c)     Finds that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class;

(d)     Schedules a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court, such Fairness Hearing to take place not less than eighty (80) Days after the Preliminary Approval Date, unless a longer period is required under 28 U.S.C. § 1715(b), the Class Action Fairness Act notice requirement;

(e)     Appoints the Settlement Administrator in accordance with Paragraph 6 of this Settlement Agreement;

(f)     Approves the Class Notice, and directs the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program;

(g)     Finds that the Settlement Class Notice Program: (i) is the best practicable

- 24 -

notice, (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice, and (iv) meets all requirements of applicable law;

(h)     Requires the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing;

(i)     Approves the Claim Form, the content of which is without material alteration from Exhibit A to this Settlement Agreement, and sets a Claim Deadline;

(j)     Approves the creation of the Settlement Website in accordance with the terms of this Settlement Agreement;

(k)     Requires any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice;

(l)     Orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in *Quinn*, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release;

(m)     Requires any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Settlement Class Counsel and Defendants' Counsel no later than the Opt-Out and Objection Date, or as the Court may otherwise

direct, a statement of the objection signed by the Settlement Class Member containing all of the following information: (i) The objector's full name, address, and telephone number; (ii) A signed declaration that he or she is a member of the Settlement Class and purchased the Covered Product(s); (iii) A written statement of all grounds for the objection; (iv) A statement of whether the objector intends to appear at the Fairness Hearing; and (v) If the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney representing the objector who will appear at the Fairness Hearing;

(n)     Any response to an objection shall be filed with the Court no later than three (3) Days prior to the Fairness Hearing;

(o)     Specifies that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Paragraph 20 of this Settlement Agreement shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise;

(p)     Requires by no later than the Opt-Out and Objection Date (or as the Court otherwise may direct) any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award who intends to make an appearance at the Fairness Hearing to file with the Clerk of the Court a notice of intention to appear and provide a copy of said notice to the Settlement Administrator (who shall forward it to Settlement Class Counsel and Defendants' Counsel);

(q)     Requires that any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing shall so state in his or her objection papers;

(r)     Directs the Settlement Administrator to establish a post office box in the

name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Settlement Class Counsel, Defendants' Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement;

(s) Directs that Settlement Class Counsel shall file their applications for the Attorneys' Fee Award and Named Plaintiffs' Incentive Award in accordance with the terms set forth in Paragraphs 22-23 of this Settlement Agreement;

(t) Orders the Settlement Administrator to provide the Opt-Out List to Settlement Class Counsel and Defendants' Counsel no later than five (5) Days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than three (3) Days thereafter;

(u) **Preliminary Injunction.** In further aid of the Court's jurisdiction to implement and enforce the Settlement, provides that Named Plaintiffs and members of the Settlement Class and their counsel are preliminarily enjoined and barred (solely during the period from entry of the Preliminary Approval Order until the decision whether to grant a Final Order and Judgment after the Fairness Hearing) from (i) filing, commencing, prosecuting, intervening in or participating (as a plaintiff, claimant, class member, or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims (unless and until they have timely excluded themselves from the Settlement Class); (ii) filing, commencing, participating in or prosecuting (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) a lawsuit or administrative, regulatory, arbitration or other proceeding as a class

action based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims where the purported class would include any member of the Settlement Class; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Person and Settlement Class Counsel as a result of the violation. This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency; and

(v)     Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## FINAL ORDER AND JUDGMENT AND RELEASES

26.     If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(a)     Finds that the Court has personal jurisdiction over the Named Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(b)     Certifies the Settlement Class solely for purposes of effectuating this Settlement;

- 28 -

(c)     Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(d)     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release and maintained by or on behalf of the Named Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(e)     Finds that the Settlement Class Notice Program: (i) constituted the best practicable notice; (ii) constituted  notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (iii) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) met all requirements of due process and any other applicable law;

(f)     Approves the Claim Form that was distributed to the Settlement Class, the content of which was without material alteration from Exhibit A to this Settlement Agreement;

(g)     Finds that Settlement Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(h)     Dismisses the Amended Class Action Complaint in *Quinn v. Walgreen Co.*, No. 12-cv-8187 (S.D.N.Y.) (Briccetti, J.) on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(i)     Adjudges that the Named Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendants and the Released Persons;

(j)     Approves payment of the Attorneys' Fee Award and the Named Plaintiffs' Incentive Award;

(k)     Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, Defendants, the Named Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(l)     Provides that upon the Effective Date, the Named Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendants and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendants and all Released Persons;

(m)     Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Persons or of the suitability of these or similar claims to class

treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(n)     Bars and permanently enjoins all Settlement Class Members and their counsel from (i) filing, commencing, prosecuting, intervening in or participating (as a plaintiff, claimant, class member, or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(o)     States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Persons and Settlement Class Counsel as a result of the violation;

(p)     Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(q)     Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

**EFFECTIVE DATE**

27.     The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(a)     This Settlement Agreement has been fully executed by all Parties and their counsel;

(b)     Orders have been entered by the Court certifying the Settlement Class for settlement purposes, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(c)     The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(d)     The Court has entered a Final Order and Judgment finally approving this Settlement Agreement, as provided above; and

(e)     The Final Order and Judgment has become Final.  "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (a) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (b) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material

respects.

## TIMING OF PAYMENT OBLIGATIONS

28.     **In General**.  Perrigo shall have no obligation to make any payments under this Settlement Agreement until the Court enters the Preliminary Approval Order, nor shall Perrigo have any obligation to make any payments, at any time, under this Settlement Agreement which, in the aggregate, would exceed the $2.8 million amount of the Settlement Fund.

29.     **Payments After Preliminary Approval**.  After entry of the Preliminary Approval Order and pursuant to Paragraph 16, Perrigo shall pay the Notice and Administration Costs from the Settlement Fund as those costs are incurred and payment becomes due.

30.     **Payments After The Effective Date**.  Perrigo shall have no obligation to make any payments under this Paragraph until after the Effective Date.

(a)     Within thirty (30) Days after the Effective Date and pursuant to Paragraphs 9, 17 and 18, Perrigo shall pay from the Net Settlement Fund those Settlement Class Members who submit Valid Claims.

(b)     Within fourteen (14) Days after the Effective Date (unless directed otherwise by the Court), and pursuant to Paragraph 22, Perrigo shall pay the Attorneys' Fee Award from the Settlement Fund.

(c)     Within fourteen (14) Days after the Effective Date (unless directed otherwise by the Court), and pursuant to Paragraph 23, Perrigo shall pay the Incentive Award from the Settlement Fund.

## WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

31.     **Termination By Any Party**.  Each of the Parties shall have the right to terminate his, her or its participation in the Settlement and terminate the Settlement Agreement by providing written notice of its election to do so to counsel for the all other Parties hereto within fourteen (14)

Days of the occurrence of any of the following:

(a)     The Court fails to approve the Settlement Agreement in any material respect or the Court's approval is reversed or modified on appeal (except that an Attorneys' Fee Award or Incentive Award less than that to which Defendants have agreed not to object shall not be deemed to be a material alteration);

(b)     The Court fails to approve and enter the Preliminary Approval Order or the Final Order and Judgment, as described in Paragraphs 25-26, in any material respect or the Court's approval is reversed or modified on appeal; or

(c)     The Final Order and Judgment fails to become Final for any reason.

32.     **Termination At The Discretion of Perrigo**. Perrigo shall have the right, at its sole discretion, to terminate its participation in the Settlement and terminate the Settlement Agreement by providing written notice of its election to do so to Settlement Class Counsel within fourteen (14) Days of the occurrence of any of the following:

(a)     Notice and Administration Costs exceed $800,000; or

(b)     The Opt-Out List has been served on the Parties, and the number of Opt-Outs is more than the confidential number agreed to by the Parties, by and through their respective counsel, as set forth in a "Supplemental Agreement."  The Supplemental Agreement shall not be filed with the Court, except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, *in camera*, in the event of a dispute between the Parties or if so requested or as otherwise ordered by the Court.  The Parties will otherwise keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.  In the event that Perrigo exercises such right, Settlement Class Counsel shall have fourteen (14) Days or such longer period as agreed to by the Parties to address the

concerns of the Opt-Outs. If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number set forth in the Supplemental Agreement, Perrigo shall withdraw its election to withdraw from the Settlement and terminate the Settlement Agreement. In no event, however, shall Defendants have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

33.    **Effect of Withdrawal or Termination**.    In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, or otherwise fails to become Final:

(a)    The Settlement Agreement shall become null and void and of no further force and effect (except for Paragraphs 31, 32, 34, 35, 49, and 54, which shall survive the termination);

(b)    The Amended Class Action Complaint filed pursuant to Paragraph 2 shall be withdrawn and the separate complaints predating the Settlement in the Settled Actions shall again be the operative complaints in those cases;

(c)    The certification of the Settlement Class shall be deemed vacated;

(d)    The Parties shall be restored to their litigation position existing before the execution of this Settlement Agreement; and,

(e)    The Settled Actions shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any documents, communications or negotiations related in any way thereto shall be made for any purpose in the Litigation or in any other action or proceeding.

## NO ADMISSION OF WRONGDOING OR LIABILITY AND NON-ADMISSIBILITY

34.    **No Admission of Wrongdoing or Liability**.    Defendants have denied, and

continue to deny, all allegations and claims asserted in the Litigation. This Settlement is made solely in order to eliminate the burden, expense, and uncertainties of further litigation.

35.  **Non-admissibility**. This Settlement Agreement, whether or not consummated, and any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall not be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, or used for any purpose (including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment in this or any other action or proceeding) except in an action brought to enforce its terms or except as may be required by law or Court order.

## NOTICES

36.  All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

37.  All Notices to Settlement Class Counsel shall be sent to:

Todd S. Garber
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**
1311 Mamaroneck Avenue
White Plains, New York 10605
gblankinship@fbfglaw.com
Telephone:  (914) 293-3281

Elaine A. Ryan
**Bonnett, Fairbourn, Friedman & Balint, P.C.**
2325 E. Camelback Road, #300
Phoenix, AZ 5016
eryan@bffb.com
Telephone:  (602) 274-1100

Stewart M. Weltman
**Stewart M. Weltman, LLC**
53 W. Jackson Blvd., Suite 364
Chicago, IL 60604
sweltman@weltmanlawfirm.com
Telephone:  (602) 274-1100

Edwin J. Kilpela, Jr.
**Carlson Lynch LTD**
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA 15212
ekilpela@carlsonlynch.com

(Of Counsel Levin Fishbein Sedran & Berman)

38.     All Notices to Defendants' Counsel shall be sent to:

Bradley J. Andreozzi
Justin O. Kay
**Drinker Biddle & Reath LLP**
191 N. Wacker Dr. Suite 3700
Chicago, IL 60606
bradley.andreozzi@dbr.com
justin.kay@dbr.com
Telephone:  (312) 569-1000

39.     The notice recipients and addresses designated above may be changed by written notice.

40.     Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## MISCELLANEOUS PROVISIONS

41.     **Interpretation**. This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior or contemporaneous discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement. All terms are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

42.     **Binding Effect**. The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in

the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

43. **Headings**. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

44. **No Rescission on Grounds of Mistake**. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

45. **Amendment**. This Settlement Agreement may be amended or modified only by a written instrument signed by all signatories hereto (or their successors-in-interest) or their counsel, nor may a party be deemed to have waived any provision (including this provision) except by a writing signed by that Party (or its successor-in-interest) or its counsel. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court. Notwithstanding the foregoing, Defendants may modify the names of products in the List of Covered Products (Exhibit B hereto) prior to the Preliminary Approval Hearing, and such modifications shall not be considered an amendment.

46. **No Waiver**. The waiver by one Party of any breach of this Settlement Agreement

by any other Party shall not be deemed a waiver by the waiving party of any other prior or subsequent breach of this Settlement Agreement or a waiver by any other Party of any breach of this Settlement Agreement.

47.     **Integration**. Other than the Supplemental Agreement referenced in Paragraph 32(b) hereof, this Settlement Agreement and its exhibits (which are an integral and material part of the Settlement and are hereby specifically incorporated and made a part of the Settlement Agreement) constitute the entire agreement among the Parties concerning this Settlement, and no representations, warranties, or inducements have been made by any Party concerning this Settlement Agreement and its exhibits other than those contained, memorialized, or referenced in such documents.

48.     **Jurisdiction**. The United States District Court for the Southern District of New York has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

49.     **Governing Law**. The construction, interpretation, operation, effect, and validity of this Settlement Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.     **Counterparts**. This Settlement Agreement may be executed in counterparts and may be executed by facsimile or electronic signature, and as so executed shall constitute one agreement.

51.     **Cooperation**.  The Parties agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, and this Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

52. **Authority to Sign**. All counsel and all other persons executing this Settlement Agreement or any of the exhibits hereto, or any incorporated Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms

53. **No Media Statements**. Subject to the Preliminary Approval Order issued by the Court, neither the Named Plaintiffs nor Settlement Class Counsel or any other counsel acting on behalf of the Named Plaintiffs shall issue any press release, or make any statement to any media or press of any sort, regarding this Settlement, including any references on websites maintained by the Named Plaintiffs or Settlement Class Counsel, other than to state that the Litigation has been resolved on terms satisfactory to the Parties and contained in this Settlement Agreement. Settlement Class Counsel will be permitted to provide a link to the Settlement Website on their website with accompanying language to be reviewed and approved by Defendants and Defendants' Counsel, such approval not to be unreasonably withheld, before posting of the same. Nothing in this paragraph prevents Settlement Class Counsel from including statements factually recounting the Settlement and their respective roles as class counsel on their websites or in resumes and attorney biographies.

54. **Confidentiality**. All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shared during the Litigation shall survive this Settlement.

55. **No Assignment**. The Named Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that the Named Plaintiffs, or any of them, have or may have arising out of any allegations made in any of the

actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which the Named Plaintiffs, or any of them, may be entitled, has been assigned, transferred, or conveyed by or for the Named Plaintiffs, or any of them, in any manner; and no Person other than the Named Plaintiffs has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of the Named Plaintiffs.

56.     **Dismissal of *Guilin, Eckler, Calvert, Group, Gross, Nelson,* and *Nunez* .** Within five (5) days of the Effective Date, Named Plaintiffs will seek a dismissal with prejudice of *Guilin, Eckler, Calvert*, Group, *Gross, Nelson*, and *Nunez.*

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

**Plaintiffs**

Rosemary Quinn

By: *Rosemary Quinn*          Dated: 7-15-14

Alan Ducorsky

By:_____          Dated:_____

Kay Eckler

By:_____          Dated:_____

Brian Calvert

By:_____          Dated:_____

Marc Group

By:_____          Dated:_____

John J. Gross

By:_____          Dated:_____

Christopher Nelson

By:_____          Dated:_____

[*]

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs*

Rosemary Quinn

By:_____          Dated:_____

Alan Ducorsky

By: *[signature]*                     Dated: 7/15/2014

Kay Eckler

By:_____          Dated:_____

Brian Calvert

By:_____          Dated:_____

Marc Group

By:_____          Dated:_____

John J. Gross

By:_____          Dated:_____

Christopher Nelson

By:_____          Dated:_____

Randy Nunez

By:_____          Dated:_____

Luis Guilin

By:_____          Dated:_____

*Approved as to form*

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be

executed by their duly authorized representatives below.

*Plaintiffs*

Rosemary Quinn

By:_____        Dated:_____

Alan Ducorsky

By:_____        Dated:_____

Kay Eckler

By:_____        Dated: ⁻1/10/14

Brian Calvert

By:_____        Dated:_____

Marc Group

By:_____        Dated:_____

John J. Gross

By:_____        Dated:_____

Christopher Nelson

By:_____        Dated:_____

Randy Nunez

By:_____        Dated:_____

Luis Guilin

By:_____        Dated:_____

*Approved as to form*

- 41 -

FINKELSTEIN, BLANKINSHIP, FREI-
PEARSON & GARBER, LLP

Dated: July 16, 2014                By: /s/ Todd S. Garber

                                        Todd S. Garber
                                        1311 Mamaroneck Avenue
                                        White Plains, New York 10605
                                        gblankinship@fbfglaw.com
                                        Telephone:  (914) 298-3281

                                    BONNETT, FAIRBOURN, FRIEDMAN &
                                    BALINT, P.C.

Dated: July 16, 2014                By: /s/ Elaine A. Ryan

                                        Elaine A. Ryan
                                        2325 E. Camelback Road, #300
                                        Phoenix, AZ 5016
                                        eryan@bffb.com
                                        Telephone:  (602) 274-1100

                                    STEWART WELTMAN LLC

Dated: July 16, 2014                By: /s/ Stewart M. Weltman

                                        Stewart M. Weltman
                                        53 W. Jackson Blvd., Suite 364
                                        Chicago, IL 60604
                                        sweltman@weltmanlawfirm.com
                                        Telephone:  (312) 588-5033
                                        (Of Counsel Levin Fishbein Sedran &
                                        Berman)

                                    CARLSON LYNCH, LTD

Dated: July 16, 2014
                                        By: /s/ Edwin J. Kilpela, Jr.

                                        Edwin J. Kilpela, Jr.
                                        R. Bruce Carlson
                                        PNC Park
                                        115 Federal Street, Suite 210
                                        Pittsburgh, PA 15212
                                        ekilpela@carlsonlynch.com
                                        bcarlson@carlsonlynch.com
                                        Telephone: (412) 322-9243

CARPENTER LAW GROUP

Dated: July 16, 2014                    By: /s/ Todd Carpenter

                                   402 West Broadway, 29th Floor
                                   San Diego, CA 92101
                                   todd@carpenterlawyers.com
                                   Telephone: (619) 756-6994

PATTERSON LAW GROUP, APC

By: /s/ James Patterson

                                   402 West Broadway, 29th Floor
                                   San Diego, CA 92101
                                   jim@pattersonlawgroup.com
Dated: July 16, 2014                    Telephone: (619) 756-6990

                                  *Settlement Class Counsel*

**Perrigo Company of South Carolina, Inc.**

By:_____          Dated:_____

**Approved as to form**

                                   DRINKER BIDDLE & REATH LLP

Dated: July 16, 2014                    By: /s/ Bradley J. Andreozzi

                                   Bradley J. Andreozzi
                                   Justin O. Kay
                                   191 N. Wacker Dr.
                                   Chicago, IL 60606
                                   bradley.andreozzi@dbr.com
                                   justin.kay@dbr.com
                                   Telephone:  (312) 569-1000

                                   *Defendants' Counsel*

CARPENTER LAW GROUP

Dated:_____           By: /s/ Todd Carpenter_____

     402 West Broadway, 29th Floor
     San Diego, CA 92101
     todd@carpenterlawyers.com
     Telephone: (619) 756-6994

PATTERSON LAW GROUP, APC

Dated:_____           By: /s/ James Patterson_____

     402 West Broadway, 29th Floor
     San Diego, CA 92101
     jim@pattersonlawgroup.com
     Telephone: (619) 756-6990

*Settlement Class Counsel*

**Perrigo Company of South Carolina, Inc.**

By: _____           Dated: __7/15/14_____

**Approved as to form**

DRINKER BIDDLE & REATH LLP

Dated:_____           By:_____

     Bradley J. Andreozzi
     Justin O. Kay
     191 N. Wacker Dr.
     Chicago, IL 60606
     bradley.andreozzi@dbr.com
     justin.kay@dbr.com
     Telephone:  (312) 569-1000

*Defendants' Counsel*