☑

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ROSEMARY QUINN, ALAN
DUCORSKY, LUIS GUILIN, KAY
ECKLER, BRIAN CALVERT, MARC
GROUP, JOHN J. GROSS,
CHRISTOPHER NELSON, and RANDY
NUNEZ, on behalf of themselves and all
others similarly situated,

      Plaintiffs,

v.

WALGREEN CO., WAL-MART STORES,
INC., SUPERVALU, INC., and PERRIGO
COMPANY OF SOUTH CAROLINA,
INC.,

      Defendants.

Civil Action No. 7:12-CV-8187-VB



## [Proposed] FINAL APPROVAL ORDER

This matter having come before the Court for a Final Approval Hearing on March 3, 2015, pursuant to the Preliminary Approval Order of this Court dated August 1, 2014, on the application of Plaintiffs for final approval of the Settlement, the best practicable notice in the circumstances having been given to the Settlement Class as required by the Preliminary Approval Order, the Settlement Class members having been afforded an adequate opportunity to submit claims, exclude themselves from the Settlement or to object thereto, and the Court having considered all papers filed, oral arguments presented, and proceedings had herein, and otherwise being fully informed in the premises as to the facts and the law,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

{00270236 }

1. This Court has jurisdiction over the subject matter of the Action, and over Plaintiffs, Defendants, and all members of the Settlement Class.

2. As set forth in the Court's Preliminary Approval Order, the Court reaffirms its order of August 1, certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and finally certifies the Settlement Class defined as:

> All residents of the United States who purchased for personal use, and not resale or distribution, a Covered Product between November 1, 2005 and August 1, 2014.

The Covered Products include all products identified in Exhibit B of the Settlement Agreement. Excluded from the Settlement Class are the following Persons: (i) Defendants and their respective affiliates, employees, officers, directors, agents and representatives and their immediate family members; (ii) Settlement Class Counsel; and (iii) the judges who have presided over the Litigation and their immediate family members.

3. The Court appoints Plaintiffs Rosemary Quinn, Alan Ducorsky, Luis Guilin, Kay Eckler, Brian Calvert, Marc Group, John J. Gross, Christopher Nelson, and Randy Nunez as the Representatives of the Settlement Class.

4. The Court appoints Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), Bonnett, Fairbourn, Friedman & Balint, P.C. ("Bonnett Fairbourn"), Stewart Weltman LLC; Carlson Lynch, LTD; Carpenter Law Group; and Patterson Law Group, APC as Class Counsel, with Todd S. Garber and the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP; Elaine A. Ryan and the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C.; Stewart M. Weltman and the law firm of Stewart M. Weltman, LLC; and Edwin J. Kilpela, Jr. of the law firm of Carlson Lynch, LTD as representatives of the Class Counsel.

5. Notice of the proposed Settlement was given to all Settlement Class members by the best means practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action and all terms of the proposed Settlement met the requirements of the Preliminary Approval Order, Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

6. The Settlement Agreement was negotiated at arm's length, in good faith, by highly capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. The Settlement Agreement is entitled to a presumption of procedural fairness, and was entered into as the result of a process that was in fact procedurally fair.

7. The Settlement confers substantial economic and non-economic benefits upon the Settlement Class members, is in the public interest, and will provide the Parties with repose from litigation.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Settlement is fair, reasonable, and adequate, and therefore approves the Settlement and directs that the Settlement be consummated in accordance with the terms of the Settlement Agreement.

9. The Court hereby approves, as fair, reasonable, and adequate, the allocation, *i.e.*, the distribution of benefits to the Settlement Class members and the means used to provide such benefits, as set forth in the Settlement Agreement.

10. The Court has considered Class Counsel's request for an award of $933,333.00 in attorneys' fees and costs and expenses. The Court recognizes Class Counsel's skillful and zealous prosecution of the Action. Having reviewed Class Counsel's fee application and all

applicable legal authorities, the Court hereby approves the requested award of attorneys' fees and costs and expenses, in the amount of $933,333.00.

11. In making this award of attorneys' fees and costs and expenses, the Court has considered and found that:

    (a) The Settlement provides direct, immediate and tangible economic benefits to the Settlement Class members;

    (b) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    (c) The action involves complex legal and factual issues. But for the Settlement, the litigation would involve further lengthy proceedings, at considerable risk to the Settlement Class, and with uncertain resolution of the legal and factual issues;

    (d) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representative and the Settlement Class may have recovered less or nothing from Defendant;

    (e) The requested award of attorneys' fees, costs, and expenses is fair, reasonable, and consistent with awards in similar cases.

    (f) The requested award of attorneys' fees, costs, and expenses is amply supported by precedent within the Second Circuit and falls well within the range of attorneys' fees, costs, and expenses awarded by courts within this district.

12. The Court has considered the requests for an incentive award for the Class Representative. The Court finds the requested incentive award to be justified under the facts of this case and the applicable legal authorities, and notes with approval that the requested incentive award will be paid by Defendant and thus will not diminish or erode the benefit to the Settlement Class. Accordingly, the Court hereby approves the incentive award of $5,000 for each Plaintiff.

13. The Court has considered the objections raised by Carmine Grajales and the Amicus filed by Truth in Advertising and find them to be without merit.

14. The Court hereby dismisses the Action in its entirety, with prejudice, and without costs except as otherwise provided in the Settlement Agreement and expressly stated in this Final Approval Order or additional Order of this Court.

15. As of the effective date of the Settlement Agreement, the releases set forth in the Settlement Agreement shall take effect, subject to the terms thereof.

16. Notwithstanding the entry of Judgment, this Court shall retain exclusive and continuing jurisdiction and exclusive venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement.

17. If the Judgment of this Court does not become Final and Conclusive, this Final Approval Order shall be rendered null and void, and shall be vacated *nunc pro tunc*.

18. The Parties are hereby authorized, without requiring further approval from the Court, to agree to and adopt amendments and modifications to the Settlement Agreement, in writing and signed by the Parties, that are not inconsistent with this Final Approval Order and that do not limit the rights of the members of the Settlement Class.

IT IS SO ORDERED.

_____
HONORABLE VINCENT BRICCETTI
UNITED STATES DISTRICT JUDGE

March 23, 2015